IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LLOYD T. LEWIS,                )
                               )
        Plaintiff,             )
                               )
    v.                         )    1:24CV389
                               )
MD JANE SURBHI,                )
                               )
        Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names nineteen prison healthcare workers and one correctional officer as Defendants in this action. He claims generally that they have not provided him with appropriate healthcare starting in 2021 and continuing through the filing of this action. He seeks damages and injunctive relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because fails to state a claim on which relief may be granted.

As stated above, the Complaint names nineteen health care providers and a correctional officers as Defendants. However, despite containing several pages of

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

handwritten factual allegations, it makes no mention of fifteen of the healthcare providers outside of naming them as Defendants. The only Defendants against whom the Complaint contains any factual allegations are Defendants MD Jane Surbhi, Nicole R. Raines, RN Sheena R. Litaker, RN James H. Ernst, and correctional officer "Sargent" Helms. Plaintiff attaches nearly 200 pages of prison grievances and other exhibits to the Complaint. It is possible that some of the other Defendants are mentioned in those documents. However, the Court will not exhaustively search them looking for a reference in order to construct a claim for Plaintiff that he did not attempt to set out in the Complaint. If Plaintiff seeks to raise a claim against a particular person, he must set out specific factual allegations in his Complaint explaining how that person allegedly violated his federal constitutional rights. He fails to do so as to fifteen of the Defendants, which means that the Complaint utterly fails to state any claim as Defendants other than the five listed above. The other fifteen Defendants should be dismissed for that reason and only the five Defendants actually mentioned in the factual allegations in the Complaint bear further discussion.

The Complaint attempts to raise claims based on alleged denials of medical care and services. Deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Moreover, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir.

2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).

Turning first to Defendant Raines, the only mention of her in the factual allegations of the Complaint states that Plaintiff saw her for medical services on February 8, 2022. (Docket Entry 2 at 15.) However, the Complaint does not set out the nature of that visit or describe any treatment that Plaintiff sought, received, or was denied by Defendant Raines. Therefore, it is wholly insufficient to state any claim against Defendant Raines and the Court should also dismiss her from the case.

As for Defendant Litaker, the Complaint alleges that the steel beds in the prison where Plaintiff was housed at the time he filed the Complaint were damaging his entire body and that he could not lay on them "without [his] whole body being in pain, misery, anguish, distress, torment, and tortured by these steel beds." (Id. at 27.) It further claims that the beds were "crushing [Plaintiff's] back, and spine" and that he could not "even lay his hands on the steel bed without being in pain." (Id.) However, it also alleges that unidentified medical personnel told Plaintiff that there was nothing they could do because it was a custody issue and that Defendant Litaker told him he wouldn't be able to get a better bed "until he got our of prison." (Id. at 27.) The allegations of the Complaint regarding steel beds in the prison where Plaintiff was housed somehow being apparently worse than other beds appear incredible, particularly the allegation that the steel composition of the bed somehow makes Plaintiff's hands hurt simply because he lays them on the bed. Nevertheless, nothing in the

-4-

Complaint demonstrates that the statements allegedly made to Plaintiff by medical personnel generally, or Defendant Litaker specifically, were incorrect because they had the power to change the composition of Plaintiff's bed. Therefore, the Complaint also states no claim as to Defendant Litaker.

The Complaint alleges that Defendant Ernst saw Plaintiff on June 3, 2022 and July 1, 2022, and that he told Plaintiff that he probably had arthritis even though he had not been diagnosed with arthritis. (Id. at 13-14.) Defendant Ernst then allegedly prescribed pain medication targeted for arthritis. (Id. at 14.) The Complaint alleges throughout that Plaintiff believes he has arthritis despite contrary diagnoses. Defendant Ernst agreeing with that and providing pain medication intended to treat the issue did not somehow violate Plaintiff's rights. The Complaint also alleges that Defendant Ernst told Plaintiff three times that his continued pain was not a medical issue. (Id. at 14.) The meaning of this statement is not clear, but it is also irrelevant given that Defendant Ernst allegedly treated the medical issue, i.e. arthritis, that Plaintiff insists he has. The Complaint further alleges that Plaintiff saw Defendant Ernst on four dates in 2022 (id. at 17), and that Defendant Ernst told Plaintiff on multiple occasions that there is nothing more medical personnel can do for his pain (id. at 18). According to the Complaint, medical personnel have diagnosed Plaintiff as having neuralgia (id. at 13, 18-19), neuritis (id. at 17), possible arthritis (id. at 13-14), and hyperthyroidism (id. at 17). They have attempted to provide treatment for those issues with medications in the form of ibuprofen, Tylenol, meloxicam, naprokline, amitriptyline,

duloxetine/Cymbalta (id. at 16), as well as thyroid medication (id. at 17), vitamin D3 (id. at 15), "deloxican" or "deloxicam" (id. at 20), and diclofenac gel/Voltaren (id. at 14, 23). Plaintiff also has accommodations in the form of a stroller (id. at 19, 22) and ice packs (id. at 23). Plaintiff appears to believe that he should receive other medications. However, he does not specify those medications or provide any facts to show that alternate medications would work after the multiple medications already given him failed. Regarding Ernst in particular, his alleged statements that nothing further can be done occurred in a context where medical providers had tried many different alternative treatments, but Plaintiff reported they did not work. In that context, the statements were an observation of futility not a sign of indifference to Plaintiff's medical needs or a refusal to provide treatments if treatments existed that would work. In fact, Defendant Ernst has tried to provide treatment to Plaintiff. To the extent Plaintiff disagrees with the diagnoses and treatments offered, this is the type of disagreement that does not state a claim for relief under § 1983. Finally, the Complaint alleges that Defendant Ernst stated that Plaintiff has no restriction on standing per his physical therapists. (Id. at 20.) Although Plaintiff disagrees with the appropriateness of that lack of restriction by the therapists, the Complaint makes no allegation that Defendant Ernst was incorrect in his statement. Therefore, it states no claim for relief as to Defendant Ernst and the Court should dismiss the claims against Defendant Ernst.

The remaining medical Defendant in the case is Defendant Surbhi. The Complaint makes a number of allegations as to Defendant Surbhi, but they are not substantively

different in kind than those made as to Defendant Ernst.  Defendant Surbhi saw Plaintiff for his aches and pains and told him that he had neuralgia in his feet instead of arthritis as previous doctor told him.  (Id. at 13.)  She also prescribed duloxetine and, after Plaintiff refused to take it, persuaded him to try it again.  (Id. at 16.)  Finally, she prescribed deloxican or deloxicam in another attempt to alleviate Plaintiff's foot pain.  (Id. at 8.)  This alleged course of conduct does not demonstrate deliberate indifference to Plaintiff's medical needs.  It has, unfortunately, not succeeded and Plaintiff disagrees with Defendant Surbhi's diagnosis of the cause of his foot pain and attempted courses of treatment.  However, this is yet another disagreement with treatment that does not state a claim for relief under § 1983.  The claims against Defendant Surbhi should be dismissed.

Finally, the Complaint contains allegations regarding two incidents involving Defendant Helms.  The first is that Defendant Helms has, on at least two occasions, told Plaintiff that he cannot sit on his stroller while waiting in line to receive his medication.  (Id. at 19-20.)  When Plaintiff told Defendant Helms that this was a proper use for the stroller, Defendant Helm allegedly replied that Plaintiff had to stand like everyone else in line.  (Id.)  Defendant Helms allegedly later spoke with a medical provider and told the provider he would allow Plaintiff to sit on the stroller going forward, but then again told Plaintiff to stand because he did not have any standing restrictions.  (Id.)  Plaintiff describes these two incidents as denials of medication, but nothing in the Complaint supports that characterization of the incidents.  There is also nothing in the Complaint demonstrating that

-7-

Plaintiff has a standing restriction or could not stand in line, only that he did not want to. This does not state any claim for relief. In the second incident, the Complaint alleges that Plaintiff hurt his back, causing it to seize up. (Id. at 21.) He sat on his bed, could not stand or walk, and had another inmate go get the floor officer. (Id.) That officer went to get Defendant Helms and, while she was gone, Plaintiff laid down on the bed. (Id.) When she returned with Defendant Helms, the floor officer told Plaintiff to sit up and, when he did, she declared that he was faking his injury. (Id. at 22.) Defendant Helms then told Plaintiff to stand and, when he could not, he allegedly told Plaintiff that he was not going to get a wheelchair for Plaintiff and that Plaintiff would have to walk to the medical department if he wanted to be seen. (Id.) Another inmate then helped Plaintiff onto his stroller and pushed him to Defendant Helms's office where Defendant Helms instructed the inmate to push Plaintiff to the medical department. (Id.) The inmate did so and Plaintiff received treatment that restored his ability to walk. (Id. at 21-22.) Therefore, although Defendant Helms's response to Plaintiff's back issue may have been callous or inappropriate, it also did not deprive him of medical treatment. This means that it also did not violate Plaintiff's constitutional rights so as to support a claim under § 1983. The Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $3.33. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $3.33.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July of 2024, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 28th day of May, 2024.

    /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**